IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA　　　　:
　　　　　　　　　　　　　　　　　　:
VS.　　　　　　　　　　　　　　　:CRIMINAL No: 18-400-01
　　　　　　　　　　　　　　　　　　:
DONALD LEROY MILLER

## DEFENDANT'S SENTENCING MEMORANDUM

1. **INTRODUCTION**

   On September 18, 2018, Mr. Miller was indicted in the Eastern District of Pennsylvania on a three (3) count indictment. The indictment charged Mr. Miller with Possession of a Machine Gun, in violation of 18 U.S.C. Section 922(o); Possession of a Non-Registered Machine Gun, in violation of 26 U.S.C Section 5845 (a)(6) (b) U.S.C. Section 5861(d) and 5871; and Possession of Firearms and Ammunition by a Felon, in violation of 18 U.S.C. Section 922(g) (1).

   On May 2, 2019, Mr. Miller appeared before the Honorable Edward G. Smith and plead guilty to counts 1 through 3 of the indictment. A written plea agreement was executed by the Defendant, Defendant's Counsel and the Government.

2. **STATUTORY SENTENCING AND SENTENCING GUIDELINES**

   The Court may impose the following Statutory Maximum Sentence:

   The maximum term of imprisonment is ten (10) years for Count 1. The maximum term of imprisonment is ten (10) years for Count 2. The

1

maximum term of imprisonment is ten (10) years for Count 3. The Court may impose a term of supervised release of not more than three (3) years for counts 1 through 3. A term for supervised release should run concurrently under 18 U.S.C. Section 3624 (e).

Since the offenses are class C federal felonies, the guideline range for a term of supervised release is one (1) to three (3) years per count under U.S.S.G. section 5D1.2 section (a) (2).

The defense agrees with the Pre-Sentence report that the Criminal History Category is one (1). The Offense Gravity Score is 19, and the Sentencing Guidelines are Thirty (30) to Thirty-Seven (37) months.

3. **FEDERAL SENTENCING GUIDELINES-POST BOOKER SENTENCING IN THE THIRD CIRCUIT:**

   A. **Courts Must Impose Sentence in Consideration of the Relevant Section 3553(a) Factors "Regardless Whether [the Sentence] Varies from the Sentence Calculated under the Guidelines"**

   As revised by United States v. Booker, 543 U.S. 220, 245-46 (2005), the Sentencing Reform Act "requires a sentencing court to consider [advisory] Guidelines ranges, see 18 U.S.C. § 3553(a)(4), but it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a)." This means that a district court's primary obligation is to choose a sentence in light of the all the statutory sentencing factors (including the advisory guideline range) in the

context of a defendant's particular case, and that sentence may or may not be imposed with regard to the guideline range. See United States v. Coleman, 451 F.3d 154, 158 (3d Cir. 2006) ("the Guidelines' recommended range may be modified or disregarded by a district court upon consideration of the other sentencing factors Congress has identified in § 3553(a)").

In the Third Circuit, district courts "follow a three-step sentencing process." United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006):

> (1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before Booker. . . .
> (2) In doing so, they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-Booker case law, which continues to have advisory force. . . .
> (3) Finally, they are required to exercise their discretion by considering the relevant § 3553(a) factors . . . in setting the sentence they impose <u>regardless whether it varies from the sentence calculated under the Guidelines</u>.

Id. (internal quotations and citations omitted; emphasis added). Thus, in the critical third Gunter step, the district courts must apply their own independent judgment to the sentence to be imposed in light of the sentencing factors, whether or not that judgment results in a sentence within the advisory range. See also United States v. Cooper, 437 F.3d 324, 329-30 (3d Cir. 2006) (district court must give "meaningful consideration to the section 3553(a) factors" and impose sentence for reasons that are logical and consistent with those factors, but rejecting presumption that

3

sentence should be imposed within guideline range).

Moreover, as the Court explained in Gunter, section 3553(a) "begins with the broad mandate that sentencing courts 'shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes'" of sentencing set out in the statute. 462 F.3d at 243 n.9. This broad mandate applies to the consideration of all of the section 3553(a) factors, and it necessarily takes precedence over the advisory guideline range and other individual factors.

A district court commits error if, in applying the third Gunter step, it believes that it is bound by any aspect of the sentencing guidelines. This aspect of post-Booker Third Circuit law was illustrated clearly in Gunter, 462 F.3d 237. There the defendant's guideline range was based on his offense for possession with intent to distribute cocaine base ("crack" cocaine). The guidelines for crack cocaine are subject to the 100-to-1 crack versus powder cocaine differential, meaning that the defendant's advisory guideline range was significantly higher than had his offense involved powder cocaine. Id. at 238. At sentencing, the defense asked the district court to consider the unwarranted nature of that differential in imposing sentence. The district court refused to do so, concluding that it was not at liberty to reconsider Congress' intent in establishing and maintaining the differential. Id. 239. The Third Circuit remanded, because the district court's refusal to consider the differential merely as advisory in the third step of the sentencing process amounted to treating the guidelines as mandatory. Id. at 247-48; see also Cooper,

437 F.3d at 330-31 (rejecting notion that guideline sentence is presumptively correct as "com[ing] close to restoring the mandatory nature of the guidelines").

Accordingly, district courts now have much greater discretion in sentencing than was previously afforded, and the Third Circuit has spoken firmly in support of this discretion. The courts should exercise their sentencing discretion to further the directives and purposes of 18 U.S.C. § 3553, which are set forth and applied to [the defendant's] case in the next sections.

**4.     THE DIRECTIVE AND FACTORS EMBODIED IN SECTION 3553(a)**

The primary directive in section 3553(a), as noted above, is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2," which are:

   (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B)   to afford adequate deterrence to criminal conduct;
   (C)   to protect the public from further crimes of the defendant; and
   (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a) (2).

In determining the minimally sufficient sentence, section 3553(a) further directs sentencing courts to consider the following factors:

   (1) the nature and circumstances of the offense and the history and

characteristics of the defendant, § 3553(a) (1);

(2) the kinds of sentences available, the advisory guideline range and pertinent guideline policy statements, § 3553(a) (3)-(5);

(3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a) (6);

(4) the need to provide restitution to any victims of the offense, § 3553(a) (7).

This is not an exhaustive list of the factors the Court can consider, as "no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661 is required to "recogniz[e] that imprisonment is <u>not</u> an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582 (emphasis added).

## 5. <u>APPLICATION OF THE STATUTORY FACTORS TO THIS CASE</u>

Donald Miller was born on November 6, 1971 and is 48 years of age. He is the only child of a marriage of Donald Galbavy and Judy Miller. When Mr. Miller was eight (8) years of age, his mother married Donald Miller who legally adopted Mr. Miller. Mrs. Miller is a homemaker. Mr. Miller has one step-sibling by the name of Adam Miller who is forty (40) years of age. Mr. Miller has one maternal half-sibling by the name of Jarrad Miller who is thirty-seven (37) years of age.

Mr. Miller was raised by two (2) good parents and always had a good relationship with both his parents.

Mr. Miller has two (2) children, Makenna Miller who is 24 years of age and she

6

resides in New York City and Dylan Miller who is 19 years of age and is a student at Temple University. Makenna and Dylan are from a relationship and marriage he had with Stacey Bolton which occurred from 1996 until 2005.

Ms. Bolton was interviewed for the pre-sentence report in this matter and always spoke positively about Mr. Miller. She described him as "a great person" and a "great father".

In 2018, Mr. Miller married Jocelyn Miller. As a result of Mr. Miller's incarceration Mr. and Ms. Miller separated. Mr. Miller attended Lehigh/Carbon County Community College and studied mechanical engineering.

Mr. Miller has skills as a welder and a heavy equipment operator and also has skills assembling firearms.

Presently, Mr. Miller is suffering from a hernia which is causing him a lot of pain. The Lehigh Prison Medical Staff has not attempted to medically repair his hernia. On February 8, 2019, this Honorable Court ordered a competency evaluation Mr. Miller to stand trial which was conducted on February 16, 2019 by Pogoas H. Voskanian, M.D. Dr. Voskanian found that Mr. Miller was competent to stand trial and stated that due to the severity of his mental health symptoms and his extensive use of methamphetamine he would benefit from an inpatient or a residential dual-diagnosis program, as well as a 12-step substance abuse program. In speaking with Probation Officer Richard Kasarda, Mr. Miller indicated that he would like to receive mental health treatment and also be treated for substance abuse. The reason

for substance abuse treatment is because of his history of cocaine and methamphetamine use. In 2017, Mr. Miller started to use methamphetamine and regularly use it until his commitment to the Horsham Clinic in February of 2019. Regarding the firearms in this particular matter, it was not Mr. Miller's intention to commit any acts of violence or commit any criminal offenses with firearms.

Mr. Miller had lost his employment and Mr. Miller was earning income by customizing firearms for people. In addition, Mr. Miller would go to Carbon County with these individuals and fire these weapons in the woods for target practice.

On November 27, 2018, Mr. Miller along with counsel and the agents involved in this case and Attorney Thomas M. Zaleski for the government sat down for a proffer. He talked about weapons in this matter and the work he did on these weapons. In addition, he indicated where he received these weapons and the work the individuals wanted done on the weapons. He indicated he would purchase parts on line and make the necessary alterations. Once again, he indicated that he went shooting with some of his customers in the woods in Carbon County.

Mr. Miller was forth right and honest during this proffer and as a result he received a reduction in his sentencing guidelines.

Presently, Mr. Miller's parents are paying the mortgage on his residence and they will not be unable to do so in the future.

Mr. Miller has remained in custody at the Lehigh County Prison since February 8,

2019. However, as noted, Mr. Miller did meet with the government in this case to provide information and any information was treated as helpful and assisted authorities but did not rise to the level of a 5k1 departure.

## 5. **CONCLUSION**

For the foregoing reasons, Mr. Miller respectfully requests the Honorable Court to depart as generously as possible from the Federal Sentencing Guidelines when sentencing Donald Leroy Miller.

                                              Respectfully Submitted,
                                              HUBER WALDRON & WILLIAMS, LLP

Dated: 1/2/2020          BY:    /s/John J. Waldron, Esquire
                                                    John J. Waldron, Esquire
                                                    Attorney I.D. No. 36853
                                                    535 Hamilton Street, Suite 102
                                                    Allentown, PA 18101
                                                    610-435-9790

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
VS. :CRIMINAL No: 18-400-01
:
DONALD LEROY MILLER

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Defendant's sentencing memorandum was served by electron filing and email, addressed as follows:

Thomas M. Zaleski
U.S. Attorney's Office
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1230
Philadelphia PA 19106
215-861-8460
Fax 215-861-8618
Email tom.zaleski@usdoj.gov

Dated: 1/2/2020 /s/John J. Waldron, Esquire